## TEXAS *v.* CHILES.

Motion made on the foot of a decree against a defendant to compel an account, when the decree, by its terms, limited the accounting to the date of service of process in the suit, denied, where the property for which the account was asked was received (if received at all) after such service, and where, in addition, the original decree, which charged all those defendants against whom proofs existed, did not charge the one now sought to be charged, and where the proofs on the motion were no other than the proofs at the original hearing.

THE State of Texas filed a bill, February 15, 1867, against White, *Chiles*, and several others, to recover possession of some one hundred and eighty-five United States "Texas Indemnity Bonds" for $1000 each, charged to have been illegally obtained by them. Chiles having been served, put in his answer on May 25th, 1867, in which he accounted specifically for some fifty-one of the bonds. The court decreed that the complainant was entitled to recover the possession of the bonds transferred to White & Chiles, which, *at the several times of service of the process in the suit*, were in the possession or control of the defendants respectively, or of any proceeds, &c., with notice of the equity; and then proceeded to determine for how many and for which bonds, or their proceeds, the defendants respectively were accountable. But *no decree was entered against Chiles for either bonds or proceeds.**

*Mr. Durant, for the State of Texas,* now made a motion on the foot of the decree for a rule on Chiles to show cause why he should not deliver to the clerk of this court twelve of these bonds, which it was charged that he had in his possession and had not accounted for.

The only proofs furnished upon which the rule was prayed for were the answer of White, a co-defendant, and a deposition of one McKinley, *all in the original case,* and an affidavit of one George Taylor, produced on this motion. The deposition of McKinley showed that some time in *the summer* of

---

* See the report, with the decree, 7 Wallace, 700, 741.

1867 he thought he delivered to Chiles ten bonds that had been deposited with him as a banker about a year previous for a third person on certain conditions, which had not been complied with. According to the affidavit of Taylor, Chiles admitted to him that he had received of E. K. Thompson, cashier of the Branch Bank of Kentucky, two bonds, *after the service of the injunction in the case,* and which he said he held subject to the order of the court.

*Mr. Hughes opposed the motion.*

Mr. Justice NELSON, having recapitulated the facts, delivered the opinion of the court.

The answer of White, which is one of the proofs on which the present rule is prayed for, not being competent evidence against a co-defendant, needs no notice.

No decree was entered against Chiles for bonds or proceeds, although the same evidence was then before this court, as it respects ten of the bonds in question, as is presented in support of this motion. It would seem, therefore, that in the judgment of the court the pleadings and proofs furnished no ground, legal or equitable, for charging him personally in respect to either the bonds or proceeds.

We may add that the twelve bonds, sought to be brought before the court under the rule to show cause, founded upon the suggestion at the foot of the decree, were received by Chiles after the filing of the bill in February, 1867. The decree, in terms, limits the accounting of the defendants to bonds in their possession at the several times of the service of the process in this suit. The case, therefore, presented is not within the scope or tenor of the decree.

MOTION DENIED.